IN THE UNITED STATES BANKRUPCTY COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| IN RE: | * |
| | * |
| TAWANNA SAVAGE, | * |
| | * |
| Debtor. | * |
| | * |
| | * DOCKET NO: 18-66599-PMB |
| TAWANNA SAVAGE, | * |
| | * |
| Debtor / Movant, | * |
| | * NON-CONTESTED MATTER |
| vs. | * |
| | * AFFIDAVIT FILED IN SUPPORT |
| HOMEOWNER ASSISTANT FUND, | * |
| | * |
| Respondent. | * |



## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONDENT TO TURNOVER MORTGAGE ASSISTANT GRANT FUNDS OVER TO THE CHAPTER 13 TRUSTEE

COMES NOW, TAWANNA SAVAGE, Debtor and Movant and hereby files her Memorandum of Law in support of her Motion to Compel to turnover grant funds to the Trustee as property of the estate under 11 U.S.C. § 1306(a)(1) as follows:

### I. FACTUAL BACKGROUND OF GRANT AND USE FUNDS

1.  This case was commenced on October 2, 2018, in the Northern District of Georgia by the filing of Movant's Voluntary Petition in this Bankruptcy Court for relief to the Debtor under Title 11 Chapter 13 of the United Stated Code.

2. This Court has jurisdiction over this proceeding, which arises in a case under the Bankruptcy Code and concerns property of the Debtor, pursuant to 28 U.S.C. §§ 151, 157, and § 1334 and pursuant to the above-styled Chapter 13 bankruptcy case.

3. The United States' Treasury Department has issued guidance regarding the Homeowner Assistance Fund (HAF), which was established under Section 3206 of the American Rescue Plan Act of 2021 (ARP Grant). See, ECF Docket # 90.

4. Under the HAF, Treasury has provided financial assistance in an aggregate amount of approximately $9.9 billion. Treasury has separately published information regarding the allocation of HAF funding for eligible entities.

5. See, 42 U.S.C. § 1437a(b)(2). According to the "ARP," the HAF was established to mitigate financial hardships associated with the coronavirus pandemic by providing funds to eligible entities for the purpose of preventing homeowner mortgage delinquencies, defaults, foreclosures, loss of utilities or home energy services, and displacements of homeowners experiencing financial hardship after January 21, 2020, through qualified expenses related to mortgages and housing.

6. In accordance with 42 U.S.C. § 1437a(b)(2) for purposes of the HAF, the U.S. Department of Housing and Urban Development ("HUD"), has issued. Moreover, movant giving the Trustee's notice of property of the estate through this proceeding pursuant to her duties under 11 U.S.C. § 521(3)(4).

7. Furthermore, the Trustee has legal duties according to 11 U.S.C. § 704(a)(1)(2) with respect to Movant's pending Chapter 13, bankruptcy's proceeding.

8. Movant is requesting the Court to direct the Respondent, to promptly turnover all approved Grant Funds over to the Bankruptcy's Trustee, upon Movant's execution of the grant agreement provided by the Respondent.

9. Movant also seeks an order, directing that all grant funds be applied toward any outstanding arrears pending in the estate, and that remainder of said grant funds be applied toward the principal balance of Movant's outstanding mortgage.

10. Movant is asking the Court for an order that requires the Trustee to accept said grant funds as property of the estate according to 11 U.S.C. § 1306(a)(1) that has been approved by the Respondent for the Movant, and to payout to Debtor's creditor, PennyMac, the remainder of the $50,000.00 grant toward Movant's principal amount of any outstanding mortgage loan.

## II. DISCUSSION

1. In non-contested matters, this motion is governed by Bankruptcy's Rule 9041, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the Court directs otherwise. See, Rule 9014(a)(b).

2. The Movant's motion shall be served in the manner provided for service of a summons and complaint by Rule 7004 and within the time determined under Rule 9006(d). Any written response to the motion shall be served within the time determined under Rule 9006(d). Any paper served after the motion shall be served in the manner provided by F.R.Civ.P, Rule 5(b).

3. In this case, no response was received by the Respondent. Only objections were filed by the Trustee. Moreover, the Trustee has also filed a motion to dismiss, due to Movant's alleged non-payment of arrears. The Trustee's objections to Debtor's Motion to Compel are without merit,

due to the Trustee's duties under 11 U.S.C. § 704(a)(1)(2) with respect to Movant's pending Chapter 13, bankruptcy's estate.

4. The Truste has a duty to accept all property in which the Debtor has an interest in the estate. See, In re Provider Meds, LLC, 907 F.3d 845, 852-55 (5th Cir. 2018); ("The Bankruptcy Code places an affirmative duty on the trustee to "investigate the financial affairs of the debtor.")[1] Moreover, if this Court grants Movant's requested relief stated in Debtor's motion to compel, Trustee's pending motion is rendered moot, as a matter of Federal law.

### III. ARGUMENT AND CITATIONS OF AUTHORITY

1. The Movant argues that the Respondent has not filed a response. Nor does it oppose Debtor's request for an order compelling that the grant funds be turnover to the Trustee. In fact, the Respondent informed the Debtor and her former counsels that they will transfer the grant funds to the Trustee, upon Debtor's execution of the grant's agreement and by order of the Court. As stated above, the Trustee had filed objections, but has a duty to accept said property under 11 U.S.C. § 704(a)(1)(2).

2. First, the Debtor argues she has an affirmative duty to inform and notify the Trustee of the property of such to the estate according to 11 U.S.C. § 521(3)(4).

3. Secondly, the Trustee also has duties, when administering the estate according to 11 U.S.C. § 704(a)(1)(2). See, In re Walter Energy, Inc., 911 F. 3d 1121 (11th Cir. 2018) ("The trustee must

---

[1] 11 U.S.C. § 704(a)(1)(2) - Duties of trustee
"(a) The trustee shall—
"(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;
"(2) be accountable for all property received…"

distribute the cash proceeds generated from the sale of the estate's property according to the priority rules set forth in the Bankruptcy Code...").

3. Finally, the grant funds have been approved by the Respondent and upon Debtor's execution of the grant documents with the Respondent, will be property of the estate. See, 11 U.S.C. § 541(a)(1)(7). Moreover, the Eleventh Circuit has made this point clear in <u>Parker v. Wendy's Intern., Inc.</u>, 365 F. 3d 1268 (11th Cir. 2004).

4. Section 541 of the Bankruptcy Code provides that virtually all a debtor's assets, both tangible and intangible (all property), is clearly vested in the bankruptcy estate upon the filing of a bankruptcy petition. See, 11 U.S.C. § 541(a)(7) (providing that the bankruptcy estate includes "all legal or equitable interest of the debtor in property as of the commencement of the case..."). See also 11 U.S.C. § 1306(a)(1).

5. As stated by the Eleventh Circuit, once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor pursuant to § 554 of the Bankruptcy Code. See, 11 U.S.C. § 554(a)-(c). At the close of the bankruptcy case, property of the estate that is not abandoned under § 554 and that is not administered in the bankruptcy proceedings remains the property of the estate. See, 11 U.S.C. § 554(d).

6. The failure of a debtor to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate. See, <u>Mobility Systems & Equip. Co. v. United States</u>, 51 Fed.Cl. 233, 236 (Fed.Cl.2001) (citing cases); <u>Vreugdenhill v. Navistar Int'l Transp. Corp.</u>, 950 F.2d 524, 525-26 (8th Cir.1991).

7. Although general bankruptcy law establishes that the Trustee does not have any more rights than the debtor has. See, Bank of Marin v. England, 385 U.S. 99, 101, 87 S.Ct. 274, 276, 17 L.Ed.2d 197 (1966) ("The trustee succeeds only to such rights as the bankrupt possessed; and the trustee is subject to all claims and defenses which might have been asserted against the bankrupt but for the filing of the petition.") also see; In re Halabi, 184 F.3d 1335, 1337 (11th Cir.1999).

## IV. CONCLUSION

1. The Debtor conclude that Respondent do not oppose Movant's motion, nor has Respondent filed any response opposing Movant's motion after notice.

2. The Trustee's objections to Movant's motion is without merit, and must be overruled, due to the Trustee's legal duties to the estate found under 11 U.S.C. § 704(a)(1)(2). See, In re Walter Energy, Inc., 911 F. 3d 1121 (11th Cir. 2018).

3. Finally, the approved grant funds that will be given by the Respondent to the Debtor, upon Debtor's execution of the grant documents, will become property of the estate under 11 U.S.C. § 541(a)(1)(7). See, Parker v. Wendy's Intern., Inc., 365 F. 3d 1268 (11th Cir. 2004). Therefore, Movant motion should be granted.

## V. MOVANT'S REQUEST FOR RELIEF

WHEREFORE, the Movant hereby move this Court for an order as follows:

1. The Court orders the Respondent to turn over all grant funds to the Trustee as approved by the Respondent, upon the Debtor's final execution of all required grant approval documents, which have been requested by the Respondent;

2. Upon receipt of any grant funds from the Respondent to the Bankruptcy's Trustee, the Trustee shall apply any grant funds proceeds, to any outstanding arrears noted by the Trustee; and

3. After payment of any due arrears, the remainder of said grant funds, shall be turnover and paid to Debtor's creditor, PennyMac, by the Trustee on behalf the Debtor, with Trustee's direction and instructions, that PennyMac shall apply such grant funds towards the principal amount of Debtor's principal mortgage balance and (excluding any interest during the time of the automatic stay), as shown on either, Debtor's (1) most current mortgage statement or (2) Security Deed; and

4. Finally, that if the Trustee either abandon its property rights to the Grant Funds or deny that said funds are property of the estate or object and oppose Movant's request stated in her motion to compel, then the Court shall direct and order the Respondent to turnover said Grant Funds to the Debtor to be used at Debtor's discretion, without fault or liability.

Date: March 30th, 2023

Respectfully submitted,

_/s/ Tawanna Savage_
Ms. Tawanna Savage, PRO SE
Attorney for the Debtor / Movant
2254 Old Salem Road, S.E. Conyers,
Georgia 30013
Phone: (678) 629-1974
Email: tawannasavage@yahoo.com

## CERTIFICATE OF SERVICE

The undersigned hereby swears or affirms that a copy of the foregoing Memorandum has been mailed to the following with sufficient postage affixed thereto to ensure delivery by first-class United States Mail or by electronic means pursuant to Fed. R. Civ. P.(b)(2)(D) and Fed. R. Bankr. P. 9022 upon the following to wit:

GHFA Affordable Housing, Inc. c/o GDCA 60 Executive Park South, N.E.
Atlanta, Georgia 30329

Mr. Melissa J. Davey
Chapter 13 Trustee
233 Peachtree Street, N.E. Suite 2255
Atlanta, Georgia 30303

Ms. Tawanna Savage, Debtor 2254 Old Salem Road, S.E. Conyers, Georgia 30013

Date: March 30th, 2023

Respectfully submitted,

*/s/ Tawanna Savage*

Ms. Tawanna Savage, PRO SE
Attorney for the Debtor / Movant
2254 Old Salem Road, S.E. Conyers, Georgia 30013
Phone: (678) 629-1974
Email: tawannasavage@yahoo.com