## IN THE UNITED STATES BANKRUPCTY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | * |
| TAWANNA SAVAGE, | * |
| Debtor. | * |
| | |
| TAWANNA SAVAGE, | * DOCKET NO: 18-66599-PMB |
| Debtor / Movant, | * |
| vs. | * NON-CONTESTED MATTER |
| HOMEOWNER ASSISTANT FUND, a/k/a GHFA Affordable Housing, Inc., | * |
| Respondent. | * |

## NOTICE OF APPEAL

**COMES NOW, TAWANNA SAVAGE,** the Appellant in the above action and files her Notice of Appeal pursuant to **28 U.S.C. § 158(a)(1)** and **Rule 8002(a)(1)(2)** by timely appealing to the United States District Court for the Northern District of Georgia from the announcement by this Court of its final order by denying *Debtor's Order Denying Debtor's Motion to Compel Resposdent To Turn Over Grand Funds To* Respondent on May 12, 2023 (see Exhibit A).

Therefore, the Clerk of this Court shall certify and omit nothing in the record pertaining to the Appellant's appeal. Furthermore, the Debtor as the Appellant stated herein avers that there is transcript of evidence of the proceedings that is to be filed for the inclusion of the record on the Appellant's appeal.

Page 1 of 3

You are hereby required to prepare and transmit the entire record in Appellant's appeal to the United States District Court for the Northern District of Georgia from the date of filing this Notice of Appeal.

## I. JURISDICTION OVER APPEAL

The United States District Court for the Northern District of Georgia has jurisdiction over this appeal pursuant to **28 U.S.C. § 158(a)(1)**.

**WHEREFORE,** the Debtor as the Appellant do hereby enter her appeal in this matter by timely appealing to the United States District Court for the Northern District of Georgia pursuant to **28 U.S.C. § 158(a)(1)** as a matter of right.

**Respectfully this** 25th **, day of May 2023.**

*/s/ Tawanna Savage*
Tawanna Savage, PRO SE
Attorney for the Debtor

**2254 Old Salem Road, S.E.**
**Conyers, Georgia 30013**
**Phone: (678) 629-1974**
**Email: tawannasavage@yahoo.com**

## CERTIFICATE OF SERVICE

**COMES NOW, TAWANNA SAVAGE**, the Debtor and Appeal in the above-styled civil action and hereby certify that I have served the following creditors and counsels of record in this action with her NOTICE OF APPEAL to wit:

>GHFA Affordable Housing, Inc. c/o GDCA
>60 Executive Park South, N.E.
>Atlanta, Georgia 30329
>
>Ms. Melissa J. Davey
>Standing Chapter 13 Trustee
>233 Peachtree Street, N.E.
>Suite 2255
>Atlanta, Georgia 30303

Respectfully this  25th  day of May 2023.

_____
Tawanna Savage, PRO SE
**Attorney for the Debtor**

**2254 Old Salem Road, S.E.
Conyers, Georgia 30013
Phone: (678) 629-1974
Email: tawannasavage@yahoo.com**



**IT IS ORDERED as set forth below:**



*Exhibit A*

Date: May 12, 2023

_Paul Baisier_
**Paul Baisier
U.S. Bankruptcy Court Judge**

---

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re: | CASE NO. 18-66599-PMB |
| **TAWANNA SAVAGE,** | |
| Debtor. | CHAPTER 13 |
| **TAWANNA SAVAGE,** | |
| Debtor / Movant, | |
| v. | CONTESTED MATTER |
| **HOMEOWNER ASSISTANT FUND,** | |
| Respondent. | |

### ORDER DENYING DEBTOR'S MOTION TO COMPEL RESPONDENT
### TO TURNOVER MORTGAGE GRANT FUNDS TO CHAPTER 13 TRUSTEE

This matter comes before the Court on the *Motion to Compel Respondent to Turnover Mortgage Grant Funds Over (sic) to the Chapter 13 Trustee* (Docket No. 114)(the "Motion to Compel"), *Memorandum of Law in Support of Motion to Compel Respondent to Turnover*

*Mortgage Assistant Grant Funds Over (sic) to the Chapter 13 Trustee* (Docket No. 115)(the "Memorandum"), and *Affidavit of Tawanna Savage, Movant/Debtor* (Docket No. 116)(the "Affidavit") filed on March 30, 2023, by Tawanna Savage, the above-named Debtor (the "Debtor"). On March 31, 2023, Debtor filed a *Declaration of Tawanna Savage, Movant/Debtor* (Docket No. 117)(the "Declaration," collectively with the Motion, Memorandum, and Affidavit, the "Pleadings").[1]

In the Motion to Compel, the Debtor seeks an order from this Court directing the "Homeowner Assistant Fund" (the "Respondent")[2] to turn over certain grant funds[3] to the Chapter 13 Trustee (the "Trustee") to pay any arrears in this case and to pay the remainder, if any, to PennyMac Loan Services, LLC ("PennyMac") as the Debtor's lender, to be applied to the Debtor's principal mortgage balance.[4] In the event that the Trustee abandons her rights to the Grant Funds, denies they are property of this bankruptcy estate, or opposes the Motion to Compel, the Debtor

---

[1] On March 31, 2023, the Debtor also filed another *Motion to Compel Respondent to Turnover Mortgage Grant Funds Over (sic) to the Chapter 13 Trustee* (Docket No. 118), which appears to be a duplicate of the Motion to Compel and is treated accordingly herein.

[2] From the documents filed by the Debtor, Respondent's actual name appears to be the Georgia Department of Community Affairs as the administrator of the Homeowners Assistance Fund program for the State of Georgia, through its non-profit GHFA Affordable Housing, Inc. ("GHFA"). Also according to those documents, the Homeowners Assistance Fund was established through the American Rescue Plan of 2021 by the federal government to assist homeowners in mitigating financial hardship caused by the COVID-19 pandemic. *See* Agreement Document dated March 24, 2023 (the "Agreement"), attached to the Declaration as Exhibit "A."

[3] The funds in question are comprised of a Georgia HAF Grant for which the Debtor maintains she has qualified and been approved to receive in the amount of $50,000 (the "Grant Funds").

[4] PennyMac filed a *Motion for Relief from Automatic Stay and Co-Debtor Stay (Real Property)* on November 18, 2021 (Docket No. 77)(the "Motion for Relief"). Following a full evidentiary hearing on the Motion for Relief on March 16, 2023, the Court entered an *Order Modifying Automatic Stay as to the Debtor and Co-Debtor Stay* in favor of PennyMac on March 21, 2023 (Docket No. 112) with respect to the enforcement of its state law and contract rights regarding the Debtor's real property located at 2254 Old Salem Road, S.E., Conyers, Georgia. Having taken evidence on the grant program and the amounts due under the Debtor's loan with PennyMac in connection with the Motion for Relief, and because the Court is assuming for the purposes of this Order that the Grant Funds are available under the terms of the documents presented by the Debtor, no hearing on the Motion to Compel is necessary or warranted.

007521    23308007528011

asks that the Respondent be directed to turn over the Grant Funds to the Debtor for use at her discretion.

The Debtor previously filed a *Motion to Compel Turnover of Mortgage Assistance Funds to the Chapter 13 Trustee* on October 5, 2022 (Docket No. 90)(the "First Motion to Compel") against GHFA seeking relief similar to that sought in the present Motion to Compel. The Trustee filed the *Chapter 13 Trustee's Response to Debtor's Motion to Compel Turnover of Mortgage Assistance Funds to the Chapter 13 Trustee* on October 13, 2022 (Docket No. 92)(the "Trustee's Response"). The Trustee opposed the requested relief asserting that the Grant Funds, to the extent the Debtor is entitled to receive same, must be paid directly to the Debtor's lender, PennyMac, instead of the Trustee. Further, the Trustee stated that she does not have oversight authority regarding how a lender applies such funds, for instance, to an arrearage or to any fees it may claim.

A virtual hearing on the First Motion to Compel was held on December 1, 2022 (the "Hearing"). Present at the Hearing were the Debtor, counsel for the Debtor,[5] and counsel for the Trustee. During the Hearing, counsel for the Debtor announced that she had confirmed with GHFA that the Trustee was not authorized to receive such funds. Counsel further allowed that she had recently learned the Debtor's application for a grant from GHFA had been denied. Since the Debtor only became aware of this development for the first time at the Hearing, she requested additional time to evaluate the situation and file an appeal of this decision. Following the Hearing, the Court entered an *Order Denying Debtor's Motion to Compel Turnover of Mortgage Assistance Funds* without prejudice on December 2, 2022 (Docket No. 95).

---

[5] Debtor's counsel has withdrawn from her representation of the Debtor. *See Order Granting Motion to Withdraw* entered on December 16, 2022 (Docket No. 100).

3



In the Motion to Compel, the Debtor argues that the Grant Funds are property of the estate citing 11 U.S.C. § 1306(a)(1) and 11 U.S.C. § 541. The Debtor further contends that under 11 U.S.C. § 704(a)(1) & (2), the Trustee has a duty to accept the Grant Funds and distribute them as provided under the priority rules of the Bankruptcy Code. Unfortunately, the Debtor's arguments are not supported by the Bankruptcy Code or by the Agreement she seeks to enforce.

**Bankruptcy Code**

The Debtor does not cite any authority that would authorize the Court to order the GHFA to turn over the Grant Funds to the Trustee. First, it is not clear that Grant Funds still in the hands of the GHFA are "property . . . that the Debtor acquires" during the case as required by 11 U.S.C. § 1306(a)(1) to render them "property of the estate". Because the Grant Funds are undisbursed grant funds still in the possession of the GHFA, it is not clear that the Debtor has adequately "acquired" them. Further, even if they were property of the estate, the Debtor cites no authority for the ability of the Debtor to seek turnover of them. The Code sections the Debtor cites in support of her argument that the Trustee must accept the Grant Funds, 11 U.S.C. § 704(a)(1) & (2), apply only to trustees in cases under Chapter 7, and do not apply to the Trustee in this Chapter 13 case. 11 U.S.C. § 103(b).

**Agreement**

The Agreement submitted by the Debtor, which is attached to the Declaration, clearly states in Paragraph 3 that grant money is to be paid directly to the payee or lender (here PennyMac) and expressly cannot go to the Debtor as grantee. Further, the Agreement states that the lender can decide whether to accept the grant, and if it accepts the grant, it agrees to work with the Debtor on any remaining mortgage delinquency (which in this case appears to exist). Agreement, ¶ 5. As noted above, the Court has already granted stay relief in favor of PennyMac, which at the hearing

007521    23308007528020



on the Motion for Relief did not indicate any interest in working the Debtor on the remaining delinquency balance.

In view of all the foregoing, it is **ORDERED** that the Motion to Compel is **DENIED**.

The Clerk is directed to serve a copy of this Order upon the Debtor, the Chapter 13 Trustee, Respondent, and counsel for PennyMac.

**[END OF DOCUMENT]**

5

007521                                        23308007528039

SUN-23308 113E-9 pdf428 18-66599
Tawanna Savage
2254 Old Salem Rd, SE
Conyers, GA 30013



007521  7521 1 AB 0.504  30013  0 4  9870-1-7767

Tawanna Savage
2254 Old Salem Rd, SE
Conyers, GA 30013-2018

007521    23308007528039